*Twenty-first Judicial District.*

# In the Court of Common Pleas of Schuylkill County.

THE COMMONWEALTH OF PFNNA. *ex rel.* DANIEL SHEPP *et al. v.* HENRY KEPNER, CHIEF BURGESS OF THE BOROUGH OF TAMAQUA.

The burgess of a borough incorporated under the general borough law of 1851, has no right to act as a member of the town council, and cannot refuse to sign ordinances regularly passed by the town council, on the ground that he was not present as a member when they were adopted.

**Rule to show cause why a peremptory mandamus should not issue.**

Opinion delivered September 8, 1873, by

PERSHING, P. J. Upon the petition of the complainants in this case, who constitute the town council of the borough of Tamaqua, the court granted a rule to show cause why a peremptory mandamus should not' issue to the respondent, as the burgess of said borough, commanding him to sign certain ordinances, passed by the town council, and which are set forth at length in complainant's petition.

The respondent, in his answer, admits that he refused to sign the ordinances mentioned in the petition, and justifies his refusal on the several grounds that the legislative power of said borough is not vested in the town council alone, but in the corporate officers of said borough, of which the chief burgess is the principal; that as the chief burgess he has the right to act as a member of the town council, and preside over its deliberations; and that in no other way can he be certified, or have legal knowledge of what ordinances, &c., have passed that body, and avers that the complainants in organizing as a town council by the election of one of their own number, viz: Daniel Shepp, as president, was and is an illegally constituted borough council.

The petition and answer raise but a single question, viz: Has Henry S. Kepner, the respondent, as burgess of the borough of Tamaqua, the right to act as a member and president of the town council of said borough?

The borough of Tamaqua was incorporated by the act of 8th April, 1833, P. L. 336. The 13th section vested, "full power and authority" in the town council to make and enact all ordinances, rules and regulations for the government of the borough. It was made no part of the duty of the burgess to sign these, but he had (§ 15) the power and authority to carry them into effect. The council elected its own president, and it is conceded that under that charter, the burgess was not a member of that body. On application made for that purpose, the borough of Tamaqua has since been made subject to the act of April 3, 1851, entitled. "An

act regulating boroughs." The second section of this act provides that "the powers of the corporation shall be vested in the corporate officers designated in the charter," following which is a schedule of these powers. It is contended that under this section the burgess has a right to preside over the town council, as a member of it, although no where in the act of 1851, is this power given him in express terms. The high constable is a corporate officer, designated in the charter, and the construction of this section contended for by respondents' counsel, would also make him a member of the town council of this borough. Nothing in the act of 1851 specifically enumerates the powers of the town council as such, but the 5th section does enumerate the powers, and the 6th section, the duties of the burgess, and in neither is it provided that he shall have the right to act as a member of the town council. That which might otherwise have been implied, must cease in view of what is expressed in these sections. The third paragraph of the 6th section, makes it the duty of the burgess "to sign the several by-laws, rules, regulations and ordinances adopted after they shall have been duly and correctly transcribed by the secretary."

The complainants in their petition allege that the ordinances therein mentioned, and set forth, were duly and correctly transcribed by the secretary of the council, and signed by him and the president of the town council, before they were presented to the burgess for his signature. Both of these officers discharge their duties under oath, and we cannot presume that they would present to the burgess for his signature, ordinances and by-laws which were not correctly transcribed, nor is it claimed by the respondent that this has been done.

As this is purely a question of construction we are greatly aided by a reference to two acts of assembly, the one passed long before the act of 1851, the other long since. The act of April 1, 1834, "to provide for the incorporation of boroughs," does not require the burgess to sign by-laws, ordinances, &c., but enacts in the 8th section, that "the burgess shall be president of the town council, and shall have and exercise all the rights and privileges of a member thereof." The omission of this clause from the general borough act of April 3, 1851,could not have been accidental. Looking at the new powers vested in, and the duties imposed on the burgess of a borough by the act of 1851, it seems clear that it was the legislative intention that the burgess and town council should act separately from each other, and that the 8th section of the act of 1834, was swept away by the repealing clause of the general borough law of 1851.

The other act to which we have referred is entitled, "An act for the further regulation of boroughs," and was passed June 2, 1871. The 2d section enacts that* "the several courts of the commonwealth, having jurisdiction to incorporate boroughs, may, in granting an incorporation or upon application made to them for the purpose, fix or change the charter of any borough, so as to authorize the burgess or chief executive of-

ficer thereof, to serve as a member of the town council, with full powers of such, and to preside at the meetings thereof." This applies, as will be seen by the 1st section, to boroughs incorporated, under the acts of 1834 and 1851. If the act of 1851 authorises the burgess of a borough to act as a member of the town council, and to preside over it, this legislation, so far, at least, as it applies to boroughs incorporated under that act, is not only twenty years behind time, but is wholly unnecessary. As a legislative construction of the borough law of 1851, it is against the position taken by the respondent in this proceeding. We hold that Henry S. Kepner has no right to act as a member of the town council of Tamaqua borough, by virtue of his election as burgess, and, that he did not the fact presideover that body when the ordinances to which he refuses his signature were adopted, furnishes him no sufficient legal excuse for refusing to sign them. Rule absolute.

*H. B. Greaff*, Esq., for relator ; *Hughes & Farquhar*, Esq., for respondent.